UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CONNIE SUE MATHERLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:13-CV-216 |
| | ) | (JORDAN/GUYTON) |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Judgment On The Pleadings [Doc. 15], and the defendant's Motion For Summary Judgment. [Doc. 17]. Plaintiff Connie Sue Matherly ("Matherly") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

## BACKGROUND

Plaintiff was 53 years of age at the date of the ALJ's decision in August, 2012 (Tr. 10-19, 97). Matherly has a limited education (Tr. 30). She has work experience as a bar tacker machine operator, a caregiver for the elderly, and a cleaner in a cotton mill (Tr. 116).

1

The record reflects that Matherly stopped working in December, 2010 (Tr. 97). She testified that the "main thing" wrong with her that keeps her from working is getting short of breath (Tr. 32). She added that she could walk five to ten minutes before being short of breath (Tr. 32). She testified that her knees and her right shoulder also were injured, and that she has pain in the lumbar spine area (Tr. 33-35).

The plaintiff's application was denied initially, and on reconsideration. An ALJ held an evidentiary hearing on July 24, 2012, at which Matherly testified. The ALJ found that Matherly did not have physical or mental impairments, considered singly and in combination, which significantly limited the claimant's ability to perform basic work activities, and therefore, she was not disabled (Tr. 19). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, (Tr. 1-3), and this case is now ripe for review under 42 U.S.C. § 405(g).

The Court has considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here.

The parties have filed Memoranda [Docs. 16, 18].

## STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and

the ALJ's findings are supported by substantial evidence in the record, the decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

3

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if the ultimate decision was supported by substantial evidence and the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## POSITIONS OF THE PARTIES

Matherly argues that the ALJ committed error by failing to find at Step 2 of the sequential analysis for disability claims, that the she had a severe impairment. Matherly argues that substantial evidence does not support the ALJ's ruling.

The Defendant argues that the ALJ's Decision was based on substantial evidence, that Matherly did not have a severe impairment during the relevant time period, and that the various impairments diagnosed for the Plaintiff did not interfere with her ability to perform basic work activities during the relevant period.

## ANALYSIS AND BASIS FOR RECOMMENDATION

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled or not disabled. In the present case, at step one, the ALJ found that Matherly had not engaged in substantial gainful activity from her alleged onset date of December 12, 2010, through her date last insured of December 31, 2011 (Tr. 12). At step two, the ALJ found that Matherly did not have a severe impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for twelve consecutive months, even given the diagnosed impairments of degenerative disc disease, COPD, knee problems, shoulder problems, depression and anxiety (Tr. 12). Accordingly, Matherly did not have a severe impairment or combination of impairments through her date last insured (Tr. 12). The ALJ, therefore, concluded that Matherly was not disabled from her alleged onset date through her date last insured (Tr. 12-19).

The Court finds that substantial evidence supports the ALJ's conclusion that Matherly did not have a severe impairment during the relevant time period (December 12, 2010 through December 31, 2011). A severe impairment is an impairment which significantly limits a claimant's physical or mental abilities to do basis work activities. See 20 C.F.R. § 404.1520(c).

The Plaintiff bears the burden of proving that she has a severe impairment. Matherly alleges disability based on subjective complaints. As a result, she must present objective medical evidence of an underlying medical condition. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997); 20 C.F.R. § 404.1529. If a medically determinable condition exists, the adjudicator then must decide if the objective medical evidence confirms the severity of the alleged symptoms arising from the condition, or if the condition is of such severity that it could

5

reasonably be expected to give rise to the alleged symptoms. 127 F. 3d at 531, 20 C.F.R. § 404.1529. "The absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis." 127 F.3d at 531.

The ALJ properly reviewed the medical records in this case, and found that they do not indicate that Matherly's condition would have interfered with her ability to perform basic work-related activities (Tr. 13-17; 165-168). An MRI of Plaintiff's shoulder, and x-rays of Plaintiff's lumbar spine and knees, provided no basis for a finding of impairment.

Moreover, Matherly underwent a consultative examination by Dr. Marianne Filka, ("Dr. Filka"). Dr. Filke placed certain work restrictions on Mtherly, such as not being around pulmonary irritants due to COPD. All restrictions, however, were based on Matherly's subjective complaints. Dr. Filka's examination results were normal, and there was no other supporting medical evidence. Accordingly, the ALJ discounted Dr. Filka's restrictions (Tr. 17). The Court does not find this to be error by the ALJ. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529-530 (6th Cir. 1997).

The Defendant correctly notes that the ALJ considered medical records regarding Plaintiff's COPD (Tr. 14-17). These records contain references to a breathing disorder, but clinical assessments found no symptoms, or treatments, reflective of a severe impairment. Since this condition has not resulted in more than a mild limitation and no work-related limitation, the Court finds that the ALJ properly considered it to be non-severe.

6

Case 2:13-cv-00216-RLJ-HBG   Document 19   Filed 05/16/14   Page 6 of 9   PageID #: 416

With regard to Plaintiff's alleged depression and anxiety, the ALJ gave great weight to the findings of the consultative psychological examiner, Wade Smith ("Smith"). Smith found that Matherly was not limited in her ability to understand and remember general items and concepts; thus, it was reasonable to expect that she could comprehend and follow simple and some detailed job instructions (Tr. 17). The ALJ also gave great weight to the finding that Matherly showed a normal ability to interact with others in an appropriate manner and did not appear to be limited in her ability to adapt to changes in the workplace, be aware of normal hazards, or to take appropriate caution (Tr. 18). Matherly did admit that she had no problems getting along with neighbors and had a good working relationship with coworkers and supervisors when she worked (Tr. 18).

The Court agrees with the Defendant that the opinions of the state agency medical and psychological consultants also provide substantial evidence to support the ALJ's finding that Matherly did not have a severe mental or physical impairment (Tr. 18, 292-305, 306-310, 317, 321). State agency consultants are considered experts in the Social Security disability programs, and their opinions may be entitled to great weight if they are supported by the evidence. See 20 C.F.R. § 404.1527(f)(2); SSR 96-6p. Theren Womack, Ph.D. and Robert Paul, Ph.D., psychologists who reviewed the evidence in November 2011 and December 2011, concluded that Matherly did not have a severe mental impairment (Tr. 292-305, 316). Nathaniel Briggs, M.D., who reviewed the evidence in November 2011, and Thomas Thrush, M.D., who reviewed the evidence in December 2011, also both concluded that Plaintiff did not have a severe physical impairment (Tr. 306-310, 317-320). The Court concludes that these opinions that Plaintiff did not have a severe impairment are supported by the medical findings and consistent with the

record as a whole. These opinions also provide substantial evidence in support of the Decision of the ALJ.

Matherly argues that the ALJ failed to properly evaluate her condition pursuant to Drummond v. Comm'r of Soc. Sec., 126 F.3d 837 (6th Cir. 1997). The Court, however, finds that the ALJ specifically acknowledged the prior ALJ's decision and the case of Drummond (Tr. 13). The ALJ concluded that the record contained new and material evidence with Plaintiff's current application showing that Plaintiff's condition had improved since the prior ALJ's decision (Tr. 13). The ALJ noted that Matherly had no evidence of any physical limitations that would warrant a restriction to light exertional work with manipulative limitations (Tr. 13). In addition, the ALJ found that new medical evidence, particularly the consultative psychological examination, showed Plaintiff had a normal mental status examination with no problems with concentration (Tr. 13). The ALJ noted the persuasive nature of the new evidence and overall record and concluded that it supported a finding that Matherly had no severe impairments. Therefore, the Court finds that the ALJ was not required to adopt the findings of the prior ALJ.

It is **RECOMMENDED** (1) that the Plaintiff's Motion For Judgment On The Pleadings [Doc. 15] be **DENIED**; and (2) that the Defendant's Motion For Summary Judgment [Doc. 17] be **GRANTED**.[1]

                                        Respectfully submitted,

                                        s/ H. Bruce Guyton
                                      United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).